To our second case of the morning, Appeal No. 22-1835, the United States v. Angela Baldwin. Good morning, Your Honors. My name is Anise Kelly, and I represent Ms. Baldwin in this matter. I would like to start with the sentence disparity. Under 18 U.S.C. 3553A6, sentencing judges must consider the need to avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct. That is exactly what did not happen in the present case. Instead, Ms. Baldwin received a 10-to-1 sentence to defendant Russell Taylor, and it was 7.5 times higher than... He only received 40 months? He received 27 years. Counts don't matter. We've said that over and over and over again. The number of counts don't matter. So it wasn't a 10-to-1 sentencing enhancement. He received 27 years, and she received 400 months, right? She received 33 and a third years, correct, Your Honor. And he received 27. Did she cooperate? Well, she had no opportunity to cooperate. So the answer is no, right? So there's your disparity right there. Well, I think that there are a couple of things about the sentencing that was wrong. One, the sentencing court referred to Mr. Taylor as abusive and controlling towards Ms. Baldwin, and yet she still found Ms. Baldwin more culpable than Mr. Taylor. The sentencing court cited the fact that Mr. Taylor... Did Judge Pratt—I didn't see that in the record. Did Judge Pratt say that Ms. Baldwin was more culpable than Mr. Taylor? No, Your Honor. That's my extrapolation from the sentences. Okay. The sentencing court also noted that Mr. Taylor accepted responsibility by pleading, but he didn't because he appealed his first plea. He filed the 2255 motion, which he was successful on, and then he appealed his second plea, which he was also successful on. This court just vacated and remanded that. So Mr. Taylor received credit for pleading when, in fact, he didn't accept responsibility. Did he challenge any facts in either of those appeals? Because I thought—I mean, you certainly appeal. His first appeal was based on ineffective assistance of counsel, which you can always appeal. His second appeal was based on the warrant, the validity of the warrant. It was purely a legal issue. I don't think that he's ever suggested that he didn't horrifically abuse these girls. Maybe he did. Maybe I'm wrong and I'm just missing it. No, Your Honor, he did plead twice. But I don't think you can say someone accepts responsibility and then they continually challenge their plea. Well, sure you can if they're challenging legal issues. I mean, they can say the facts are accurate, that the facts that you've described are accurate, but the law doesn't punish those facts. They would accept responsibility for their conduct, but they would say it's not a crime. I engaged in this, but it's not a crime. That could be acceptance of responsibility. It happens all the time. I mean, we see cases all the time where a defendant pleads guilty but reserves the right to appeal a particular legal issue. The district judge allows acceptance of responsibility. It's not even challenged by the government on appeal. I take your point, Your Honor. I take your point. Well, I would still argue that Ms. Baldwin, even if you don't consider the counts, her sentence was still out of whack compared to, once again, just the individual circumstances of the case. Ms. Kelly, let me ask you the point about the counts. I understand why you want to focus on the counts because if you can get to 10 to 1, that's the way you can show the disparity. The difficulty I have with it is the legal support for that. What case law can you point us to saying that a proper analysis of a concern about an unwarranted disparity allows the sentences to be analyzed vis-à-vis counts? What's the best authority for that, if any? Well, and, Your Honor, I don't have good authority on that point, but that doesn't mean that this court can't set that authority at this moment in time. No, but as Judge Kearse was alluding to, we've actually suggested to the contrary. And the reason we've suggested to the contrary is because of the U.S. Supreme Court's decision in Dean. Do you think we've misread Dean? No, Your Honor. I guess I'm just asking a reconsideration, and I think the individual circumstances of this case, you know, Mr. Taylor was involved in this activity for 14 years. If we ignore the counts, it's still the individual facts. You know, 14 years of this behavior versus Ms. Baldwin, I think, was three years. Okay, that's fair enough. That's a broader point, and we'll have to figure out whether we agree or disagree with you. Okay, you can continue on. And, again, I know I stated this before, but the fact that the sentencing court called Mr. Taylor abusive and controlling, I think that also is an individual circumstances that the court noted but didn't take into consideration when it sentenced Ms. Baldwin. I'll move to the vindictive prosecution. I think that but for Mr. Taylor's successful 2255 motion, Ms. Baldwin would not have been prosecuted. You know, certainly there's no explanation for the five-and-a-half-year delay. You know, the government's stated reason is it had to wait for the witnesses to mature so that they would be able to better testify, but they haven't explained at the same time why that wasn't true for Mr. Taylor or Mr. Vogel. So here's what I took away from the briefs. I might be wrong. You can tell me I am. That when Mr. Taylor prevailed in his 2255 motion on ineffective assistance and his prior conviction and sentence were vacated, the government took a fresh look at the entire set of circumstances, including at that point they had to decide whether they were going to recharge Mr. Taylor, right? Correct. And they chose to, and in connection with the recharging, that's when, unfortunately for Ms. Baldwin, she entered the mix here, right? Correct, Your Honor. Okay. And that, I'm gleaning that from what I've read in the briefs. Okay. If that fact pattern is correct, that understanding is correct, where is the vindictiveness within it? Well, I think the government's only stated reason for the five-and-a-half-year delay is to wait for the victims to age. I thought they said that, well, they have said that. You're right about that. But they also said we just took a fresh look at the whole set of circumstances after the 2255, and we realized, hey, there's another defendant who is quite culpable here. The statute of limitations has not run, and so they made a choice then to charge your client. I know she wishes that didn't happen. I get that. But I have a hard time seeing, at least under our case law, and I'm thinking in particular, unless you can distinguish it, our decision in 2006 in United States v. Jarrett. Right, Your Honor. And I know that I'm asking for an expansion of the vindictive prosecution theory, but I think it's a very narrow, limited expansion that I'm asking for, in that Ms. Baldwin did not exercise her own constitutional right, and I know that in Jarrett the issue was the whole timing issue. But I think that by narrowly expanding the issue, the legal theory for Ms. Baldwin, who I would argue stands in the shoes of Mr. Taylor, because they're inseparably linked, that even though she doesn't fit squarely into the vindictive prosecution theory, I think this is an appropriate case to expand that theory. Okay. You reserve five minutes for rebuttal. You want to pause now? It's up to you. Yes. Thank you, Your Honor. Okay. Very well. Mr. Reitz, good morning. Good morning. Brian Reitz for the United States. This court should not expand its prosecutorial vindictiveness standards. The court has essentially explained two avenues to showing vindictiveness. One, certain cases there can be a presumption, but that presumption is not available for pretrial charging decisions, where the executive's discretion is at its highest. Two, there has to be affirmative or the defendant can show affirmative objective evidence of vindictiveness. That's not available here. So Ms. Baldwin has no choice but to ask this court to expand what this court has said for decades and I think what every other court has said about prosecutorial vindictiveness. And Judge Scudder is right that, yes, we did mention the fact that the victims aged, but we have also been up front that the change in prosecutors necessitated a fresh look on everything, including if we were going to charge Mr. Taylor again and Ms. Baldwin was there and the new prosecutors who would not have had any animus to Mr. Taylor, much less Ms. Baldwin, decided to charge Ms. Baldwin. Ms. Baldwin was charged based on the usual determinative factors. She committed disturbing crimes and we had strong evidence of those crimes. There was clearly probable cause to charge her and we were not vindictive in doing so. If there are no questions on vindictiveness, I'll move to the sentencing. This court has said that disparate cooperation warrants disparate sentences. Here, Mr. Taylor cooperated against Mr. Fogle. The court, the sentencing court, found that especially compelling because Mr. Fogle, based on his fame, his affluence and everything, would have been a difficult person to prosecute if not for someone cooperating. So Mr. Taylor's cooperation against Mr. Fogle led directly to that prosecution. And Mr. Taylor has accepted responsibility twice and Ms. Baldwin has accepted responsibility zero times. The court was well within our rights to consider those facts. If the court has no questions on that, we'd be happy to rest on our briefing. Okay, Mr. Wrights, very well. Thank you. Thank you, Your Honors. I have no rebuttal. Okay, Ms. Kelly, I see here, am I correct, that you were court appointed? Correct, Your Honor. We very much appreciate you accepting the appointment, your service to your client and to the court in your briefing and this morning. Thank you very much. Thank you, Your Honor. Okay, we'll move to our third.